Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Tampa Division

| | |
|---|---|
| Kimberly Crystal Simon <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> The Coca-Cola Company <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br> 8:19-cv-1519-T-36CPT <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

*[FILED stamp: 2019 JUN 28 PM 12:14, CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, TAMPA FLORIDA]*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Kimberly Simon |
   | Street Address | 123 Shaddock Dr. |
   | City and County | Auburndale, Polk County |
   | State and Zip Code | FL, 33823 |
   | Telephone Number | 337-446-3354 |
   | E-mail Address | kimsimon23@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.


$400
TPA057129

Case 8:19-cv-01519-CEH-CPT   Document 1   Filed 06/28/19   Page 2 of 9 PageID 2

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: The Coca Cola Company
- Job or Title (if known):
- Street Address: 705 Main Street
- City and County: Auburndale, Polk County
- State and Zip Code: FL, 33823
- Telephone Number: 863-551-3700
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | The Coca-Cola Company |
| Street Address | 705 Main Street |
| City and County | Auburndale, Polk County |
| State and Zip Code | FL, 33823 |
| Telephone Number | 863-551-3700 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
October 1, 2017 to March 17, 2018

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race          African American
- ☐ color
- ☒ gender/sex    Female
- ☐ religion
- ☐ national origin
- ☐ age (year of birth) _____ (only when asserting a claim of age discrimination.)
- ☒ disability or perceived disability *(specify disability)*
  Anxiety and Depression

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

The Facts of my case are attached as additional pages

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.  **Exhaustion of Federal Administrative Remedies**

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

January 29, 2019

B.  The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*  4/7/2019  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V.  **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

a. Award actual damages, including appropriate amount of back pay and front pay, and the amounts lost from loss of overtime due to retaliation.
b. Award compensatory for race discrimination, disability discrimination, retaliatory discharge, wrongful termination, and hostile work environment
c. Award costs and reasonable attorney
d. Grant any and all appropriate relief, which the Court deems necessary and appropriate.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/28/2019

Signature of Plaintiff
Printed Name of Plaintiff   Kimberly Crystal Simon

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

1. Plaintiff is an African-American Disabled Female citizen of the United States and a resident of the state of Florida. The Plaintiff was employed with Spherion on September 22, 2016 as a temporary employee working as a Quality Lab Technician for The Coca-Cola Company. On April 5, 2017. She was hired on as a permanent employee with The Coca-Cola Company as a Quality Lab Technician until she was terminated on March 17, 2018.
2. Prior to September 17, 2018 a Charge of Discrimination was mailed to the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination in accordance with the EEOC charge filing requirements. On September 17, 2018 a letter from Carlos M. Borges was emailed to the Plaintiff misinforming her that the EEOC no longer accepted charges via mail and that the EEOC operated under a Digital System to file complaints of discrimination, a copy of which is attached hereto as Exhibit "A". This was misinformation as the EEOC does accept charges via mail. A copy of the EEOC Website instructions detailing how to mail a charge is attached hereto as Exhibit "B". When she attempted to file via the digital system, the government was shut down, and the EEOC digital system was not available. Plaintiff left a voicemail with the EEOC during the shutdown requesting to file a charge. When the government shut down ended the Plaintiff was contacted by EEOC Federal Investigator Christopher Griffin who immediately issued a Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "C".
3. During her last six months at The Coca-Cola Company, Defendants created an environment which encouraged and fostered a hostile work environment for the Plaintiff due to her race, gender, and disability. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in The Coca-Cola Company. It is open, active, and unashamed. The harassment, abuse, and discrimination were encouraged by The Coca-Cola Company management's refusal to stop the misbehavior.
4. As an African American female, she was subjected to a stricter level of scrutiny than her similarly situated white male and Hispanic female co-workers. As an African American female, she was repeatedly reprimanded and disciplined for unjustified and false accusations, and things that were not in fact a violation of company policies or practices. The same behavior from similarly situated white male and female Hispanic employees was largely ignored even when reported and discovered.
5. Supervisor Justin Barthle wrote up Plaintiff for operating in a manner consistent with the practices and policies in effect at the time. The illegitimate write up was in fact due to a minor mistake made by a hispanic female employee who was in

training. Yet, rather than reprimanding the female hispanic employee for the minor error, the Plaintiff was disciplined for this employees' mistake. Plaintiff reported her concerns to the ethics reporting line. Defendant failed to take effective remedial action in response to racially charged complaints. Instead, when the Plaintiff complained, she severely was retaliated against.

6. Prior to the Plaintiffs initial ethics report in October of 2018 she was a high performing employee with no disciplinary record for performance or behavioral issues during her entire career with the Coca-Cola Company. From the first week of November to of and/or around Late December the Plaintiff took a leave of absence. Over the course of late December to her termination date of March 17, 2018 she was subject to multiple unjustified write ups, discipline above and beyond company policies, harassment by Human Resources, retaliation by management affecting her pay, and retaliation by hispanic female coworkers.

7. The Plaintiff noticed that a supervisor was harassing the African American employees on her shift. After speaking with the employees, who were frustrated due to the lack of response from the Ethics department regarding their complaints, the Plaintiff came to the conclusion that due to the fact that all the employees were African American employees on that shift, it was possible that the supervisor was discriminating against the African American employees. The Plaintiff thought that perhaps if the African American Employees wrote a group complaint the ethics department would address everyone's complaints. After this the other employees and the Plaintiff were interviewed by ethics. During these interviews the HR Ethics Representative constantly attempted to manipulate the interviewees into making a false statement that the Plaintiff had forced them to complain. The HR Ethics representative also aggressively attempted to get the Plaintiff to say that she forced the employees to go along with a group complaint and frequently tried to twist the Plaintiffs statements to accuse her of not being consistent. The Plaintiff had to constantly correct the HR Ethics representative in regards to her deliberate misinterpretations and attempts to skew her statements

8. The plaintiff was informed by HR that there was a complaint made by an employee stating that she had bullied them the prior year. The situation the HR represent hinted at involved an hispanic female employee whom she had recently reported for violating company policy who was obviously retaliating against her with this false statement. After the ethics HR representative, who was also an hispanic female, investigated she stated that the Plaintiff was found guilty of bullying and would not be receiving a raise that year due to the bullying. The Plaintiff asked what actions she had taken or what she had done that was considered bullying. The HR Ethics rep refused to disclose any information. She stated that she could not tell the plaintiff what she did that was bullying nor even what type of behavior she was accused of having displayed that she was being written up for.

9. After the bullying incident the Plaintiff was falsely accused of asking a coworker who accused her of bullying. The plaintiff did ask a coworker if she had ever felt

like she had bullied her because the plaintiff wanted to figure out if the HR Representative was just retaliating with the bullying accusation, but she never asked the coworker who had accused the Plaintiff of bullying. The HR Ethics Rep then told the Plaintiff that she was found guilty of harassment by asking this question and would be terminated despite the fact that what the Plaintiff was falsely being accused of in no way shape or form met the definition of harassment.
10. After the Plaintiff was terminated, she received multiple emails closing her prior ethics complaints. Apparently, a majority of her complaints were never addressed nor investigated and where simply dismissed the same as she was when she was terminated.
11. The retaliation encountered by the Plaintiff included Human resources ignoring not one but two requests for an accommodation for her anxiety.
12. The Coca-Cola Company is liable for harassment, retaliation, and discrimination because it knew, or should have known, of the racial harassment, retaliation, and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racially harassing and discriminatory behavior to continue.
13. As a result of the plaintiff's good faith complaints and opposition to race discrimination, retaliation, and racial harassment, the defendant retaliated against the plaintiff by subjecting her to stricter scrutiny than her co-workers, to demeaning and hostile treatment, to wholly unwarranted negative performance feedback, to being subjected to unwarranted discipline, to being deprived of overtime, and, ultimately, her termination.